Filed 2/27/13  P. v. Egly CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>KEITH ALLEN EGLY,<br><br>      Defendant and Appellant. | C067421<br><br>(Super. Ct. No. 09F08426) |

A jury found defendant Keith Allen Egly guilty of receiving stolen property (Pen. Code,[1] § 496) and found true the allegations that he had been convicted of three prior serious felonies.  (§§ 667, subd. (a), 1170.12, subd. (b).)  Sentenced to 25 years to life, defendant appeals.  He contends the trial court abused its discretion in denying both his

---

[1] Further undesignated statutory references are to the Penal Code.

1

*Romero*[2] motion and his motion to reduce his felony conviction to a misdemeanor. (§ 17, subd. (b).) We disagree and shall affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On the evening of November 6, 2009, Amanda Guzman was leaving a 99¢ Only Store in Sacramento with her purchases and purse in a shopping cart, when a man rode up on a bicycle, struck her with his elbow, and grabbed her purse. Her purse contained her cell phone and $1,401 in cash. A bystander called the police and Guzman provided a description of the thief to the responding officer.

The following day, Guzman's son called Guzman's cell phone. The person who answered said he bought the cell phone and agreed to meet to exchange the cell phone for $100 so he could buy some "weed." At the designated meeting place, Guzman identified defendant (who was in possession of her cell phone) to the police as the person who had stolen her purse.

Defendant had been fitted with an electronic monitoring ankle bracelet in March 2009. On the night of the robbery, the bracelet showed him at his apartment from 8:00 p.m. to 9:26 p.m., moving at six miles per hour and arriving at the 99 Only Store at 9:45 p.m., leaving several minutes later and traveling at speeds ranging from six to 15 miles per hour, stopping in a "dead end" area at 9:50 p.m. for 10 minutes, and returning to his apartment by 10:25 p.m. Guzman was inconsistent as to what time her purse was taken. Police were dispatched to the location of the robbery at 9:53 p.m.

The jury found defendant guilty of receiving stolen property, but was unable to reach a verdict on the charge of robbery. The jury also found defendant had been previously convicted of assault with intent to commit a felony (§ 220) in 1989, and robbery (§ 211) in 1993 and again in 1995.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

Defendant moved to strike his prior felony convictions pursuant to section 1385 and *Romero*, and to reduce the felony conviction for receiving stolen property to a misdemeanor pursuant to section 17, subdivision (b). The trial court denied both motions and sentenced defendant to 25 years to life in state prison.

## DISCUSSION

### I

### *Romero* Motion

Defendant contends the trial court abused its discretion in denying his *Romero* motion to strike his prior convictions. We are not persuaded.

A.     *The Law*

A trial court has the discretion to strike a prior serious felony conviction for purposes of sentencing only if the defendant falls outside the spirit of the three strikes law. (§ 1385; *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) In deciding whether to do so, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

Dismissal of a strike is a departure from the sentencing norm, and as such, we will not reverse the ruling on a *Romero* motion for an abuse of discretion unless the defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) Reversal is justified where the trial court was unaware of its discretion to strike a prior strike or refused to do so, at least in part, for impermissible reasons. (*Carmony, supra,* 33 Cal.4th at p. 378.) But where the trial court was aware of its discretion, "'balanced the relevant

3

facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling . . . ' [citation]." (*Carmony, supra,* at p. 378.)

### B. Analysis

Defendant began to accumulate criminal convictions at the age of 21. His criminal history includes the following: October 1989 conviction for assault with intent to commit a felony (§ 220); three violations of his probation on the October 1989 conviction; February 1991 conviction for driving under the influence (Veh. Code, § 23152, subd. (a)); March 1992 conviction for burglary (§ 459); June 1992 conviction for petty theft (§ 484, subd. (a)); December 1992 conviction for robbery (§ 211); May 1995 conviction for robbery (§ 211)--which was a violation of his parole on the 1992 robbery conviction; at least three violations of parole on his 1995 robbery conviction including a January 2008 conviction for driving with a blood-alcohol level of .08 percent or higher (Veh. Code, § 23152, subd (b)); and the current offense, committed less than a year after his most recent release from state prison.

Defendant stresses that the current offense is "relatively minor" in nature and he had "only" one conviction in addition to the current offense in the two and a half years following his 2006 parole. These facts do little to support his argument that he falls *outside* the spirit of the three strikes law. First, a period of fewer than three years between his release on parole and his felony recidivism, with "only" one misdemeanor in the interim, signals continued (and continuous) criminal behavior. Second, defendant ignores the fact that he had several violations of parole resulting in his return to prison *during that same time period*. In fact, he was still on parole *and* probation (and wearing an ankle monitor) at the time he committed his current offense.

The purpose of the three strikes law is to provide increased punishment for recidivist offenders who, by reason of their criminal history for violent or serious felonies, have demonstrated that they are neither rehabilitated nor deterred from further criminal activity as a result of their prior imprisonment. (*People v. Davis* (1997)

4

15 Cal.4th 1096, 1099; *People v. Leng* (1999) 71 Cal.App.4th 1, 14.) Defendant has demonstrated he is unable to remain law abiding, despite close supervision, and he is clearly well within the spirit of the three strikes law. The trial court did not abuse its discretion in denying his *Romero* motion.

## II

### *Section 17, Subdivision (b) Motion*

Defendant also contends the trial court abused its discretion in denying his motion to reduce his conviction from a felony to a misdemeanor pursuant to section 17, subdivision (b) (section 17(b) motion).

A.      *The Law*

In considering a section 17(b) motion, the trial court must undertake "an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration; and the record must so reflect." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 981-982 (*Alvarez*).) In addition, the court should consider "'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.'" (*Alvarez, supra,* 14 Cal.4th at p. 978.) The trial court should also consider the general objectives of sentencing as stated in California Rules of Court, rule 4.410.[3] (*Alvarez, supra,* at p. 978.)

---

[3] California Rules of Court, rule 4.410(a) sets forth the general objectives of sentencing: "(1) Protecting society; [¶] (2) Punishing the defendant; [¶] (3) Encouraging the defendant to lead a law-abiding life in the future and deterring him or her from future offenses; [¶] (4) Deterring others from criminal conduct by demonstrating its consequences; [¶] (5) Preventing the defendant from committing new crimes by isolating him or her for the period of incarceration; [¶] (6) Securing restitution for the victims of crime; and [¶] (7) Achieving uniformity in sentencing."

*B.     Analysis*

Here, the trial court found that, based on defendant's record and the facts adduced at trial, his conviction was appropriately deemed a felony. Defendant contends that "greater consideration should have been given to the far reaching effects such sentence would have on [his] family structure." Specifically, defendant points out that he was looking for work at the time he committed the offense and assisting his mother in raising his children.

We decline defendant's invitation to reweigh the evidence and substitute our judgment for that of the trial court. Defendant bears the burden to show the trial court's decision to deny his motion was irrational or arbitrary. When, as here, there is an absence of such a showing, we presume the court acted to achieve legitimate sentencing objectives. (*Alvarez, supra*, 14 Cal.4th at pp. 977-978.)

Finally, defendant notes "societal interests" are not served by his lengthy incarceration. We decline to comment on this observation, but note that societal interests are certainly disserved by defendant's criminal recidivism. (See *People v. Kinsey* (1995) 40 Cal.App.4th 1621, 1630-1631.) The trial court did not abuse its discretion in denying defendant's motion.

**DISPOSITION**

The judgment is affirmed.

          DUARTE          , J.


We concur:


        BLEASE        , Acting P. J.



        ROBIE        , J.